IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARK STAUBLIN,** | |
| **Plaintiff,** | No. |
| v. | |
| **AVANADE, INC.,** | **Jury Trial Requested** |
| **Defendant.** | |

**FILED**
**JANUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**
**08 C 347**

**JUDGE DOW**
**MAGISTRATE JUDGE DENLOW**

## COMPLAINT

NOW COMES Plaintiff, MARK STAUBLIN, by and through his counsel, LISA KANE & ASSOCIATES, P.C., complaining of Defendant, AVANADE, INC., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat., 115/1, et seq. Plaintiff also seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. With respect to Plaintiff's state law claims, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, MARK STAUBLIN, is a male United States citizen who resides in Illinois.

5. Defendant, AVANADE, INC., is a Washington corporation which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 24, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on October 31, 2007, which Plaintiff received on November 1, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I – TITLE VII - RETALIATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant as a Business Development Executive in January 2005 at its Chicago office.

9. Throughout his tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at all times material hereto, as evidenced by, without limitation, his performance evaluations, bonuses, commissions, and sales in excess of quota, and any assertion to the contrary is a pretext for retaliation.

10. Beginning in 2007, Plaintiff complained to members of Defendant's management and human resources, including Tracy Spielman, Human Resources Manager, of gender discrimination Defendant afforded to Business Development Executives.

11. Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct.

12. Rather than address Plaintiff's complaints, following his reports of gender discrimination, Defendant began a course of conduct to retaliate against Plaintiff for his protected activity.

13. In a meeting with Tracy Spielman, Human Resources Manager, and Todd Johnson, Business Development Director, on October 15, 2007, Defendant terminated Plaintiff's employment for the purported reason of "failure to exhibit the necessary teamwork skills to be successful" at Defendant. During the meeting, Plaintiff attempted to elicit specific examples of his failure to demonstrate the necessary teamwork skills or other possible reasons for his termination, to no avail.

14. By terminating Plaintiff's employment, Defendant prevented Plaintiff from transferring into the WTC Sales Engagement position. The transfer had already been pre-approved by Larry LeSeur, Vice President of Reporting, and was to take place in the following calendar year.

15. In terminating Plaintiff's employment, Defendant afforded more favorable treatment to other Business Development Executives who did not engage in statutorily protected activity, including Toby Velte, Dave Smith, Scott Alexander, and Mathilde Sanson, similarly situated co-workers of Plaintiff with far substandard sales performances.

16. On information and belief, similarly situated employees who did not engage in

statutorily protected activity were not subjected to the adverse actions directed against Plaintiff.

17. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

18. The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

19. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARK STAUBLIN prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole MARK STAUBLIN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to MARK STAUBLIN;

  E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

  F. Grant Plaintiff his attorney fees, costs, disbursements; and

  G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT

20. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

21. In a meeting with Tracy Spielman, Human Resources Manager, and Business Development Director Johnson on October 15, 2007, Defendant terminated Plaintiff's employment for the purported reason of "failure to exhibit the necessary teamwork skills to be successful" at Defendant.  During the meeting, Plaintiff attempted to elicit specific examples of his failure to demonstrate the necessary teamwork skills or other possible reasons for his termination, to no avail.

22. Following his termination, Defendant has refused to compensate Plaintiff with the bonuses or commissions earned during the most recent fiscal year of his employment with Defendant, including substantial work Plaintiff performed on the Supervalu Inc. account totaling in excess of two (2) million dollars.

23. The Illinois Wage and Payment Collection Act provides that an employer must pay an employee his final compensation, which is defined as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer,". . . "at the time of separation, . . . but in no case later than the next regularly scheduled payday for such employee."  820 ILCS 115/1, et seq.

24.    Defendant did not comply with the aforementioned Act by failing to pay Plaintiff his final compensation for over six (6) weeks beyond his termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK STAUBLIN, prays for judgment against Defendant and respectfully requests that this Court:

    A.    Grant Plaintiff actual, consequential, compensatory, any other damages that the Court may deem appropriate against Defendant;

    B.    Grant Plaintiff his attorney's fees, costs, disbursements; and

    D.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

25.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

                                                Respectfully submitted,
                                                MARK STAUBLIN, Plaintiff,

                                          By:  s/Lisa Kane
                                                Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093