IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK STAUBLIN,      ) | |
| ) | |
| Plaintiff,      ) | No. 08 C 347 |
| ) | |
| v.      ) | Judge Robert M. Dow, Jr. |
| ) | Magistrate Judge Denlow |
| AVANADE, INC.,      ) | |
| ) | |
| Defendant.      ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant Avanade Inc. ("Avanade"), by its attorneys, submits the following Answer and Affirmative Defenses in response to Plaintiff Mark Staublin's ("Plaintiff") Complaint. Avanade denies each and every allegation, matter or thing in Plaintiff's Complaint, except as specifically admitted or qualified herein.

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended) 42 U.S.C. § 2000e et seq. and the Illinois Wage Payment and Collection Act, 820 Ill. Compo Stat., 115/1, et seq. Plaintiff also seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

**ANSWER:** Avanade admits that Plaintiff purports to seek relief under Title VII of the Civil Rights Act of 1964 and the Illinois Wage Payment and Collection Act. Avanade denies the remaining allegations and conclusions of this Paragraph.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. With respect to Plaintiffs state law claims, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**ANSWER:** Avanade admits that this Court has jurisdiction over the claims asserted in this lawsuit, but denies that Plaintiff's claims are valid and that he is entitled to any relief.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:** Avanade admits the allegation of this Paragraph.

## PARTIES

4. Plaintiff, MARK STAUBLIN, is a male United States citizen who resides in Illinois.

**ANSWER:** Avanade admits Plaintiff is male. Avanade is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

5. Defendant, AVANADE, INC., is a Washington corporation which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**ANSWER:** Avanade admits that it is a Washington corporation, that it employs more than fifteen (15) employees, that it conducts business in the State of Illinois, and that it is engaged in an industry that affects commerce. Whether Avanade is an "employer" as defined by 42 U.S.C. § 2000e(b) is a legal conclusion to which no response is required. Avanade denies the remaining allegations of this Paragraph.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 24, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on October 31, 2007, which Plaintiff received on November 1, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90)-day period.

**ANSWER:**　Avanade admits that the EEOC issued a Notice of Right to Sue to Plaintiff. Avanade lacks sufficient knowledge to form a belief as to the truth of the remaining allegations of this Paragraph.

## COUNT I
## TITLE VII — RETALIATION

7.　Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**　Avanade hereby incorporates its responses to Paragraphs one (1) through six (6).

8.　Plaintiff began working for Defendant as a Business Development Executive in January 2005 at its Chicago office.

**ANSWER:**　Avanade admits the allegations of this Paragraph.

9.　Throughout his tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at all times material hereto, as evidenced by, without limitation, his performance evaluations, bonuses, commissions, and sales in excess of quota, and any assertion to the contrary is a pretext for retaliation.

**ANSWER:**　Avanade denies the allegations of this Paragraph.

10.　Beginning in 2007, Plaintiff complained to members of Defendant's management and human resources, including Tracy Spielman, Human Resources Manager, of gender discrimination Defendant afforded to Business Development Executives.

**ANSWER:**　Avanade denies the allegations of this Paragraph.

11.　Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:**　The allegations of this Paragraph are legal conclusions to which no response is required.

12.　Rather than address Plaintiff's complaints, following his reports of gender discrimination, Defendant began a course of conduct to retaliate against Plaintiff for his protected activity.

**ANSWER:**　Avanade denies the allegations of this Paragraph.

13. In a meeting with Tracy Spielman, Human Resources Manager, and Todd Johnson, Business Development Director, on October 15, 2007, Defendant terminated Plaintiff's employment for the purported reason of "failure to exhibit the necessary teamwork skills to be successful" at Defendant. During the meeting, Plaintiff attempted to elicit specific examples of his failure to demonstrate the necessary teamwork skills or other possible reasons for his termination, to no avail.

**ANSWER**: Avanade admits that it terminated Plaintiff's employment on October 15, 2007. Avanade denies that the allegations of this Paragraph accurately describe Avanade's complete reasons for terminating Plaintiff. Avanade denies the remaining allegations of this Paragraph.

14. By terminating Plaintiffs employment, Defendant prevented Plaintiff from transferring into the WTC Sales Engagement position. The transfer had already been pre-approved by Larry LeSeur, Vice President of Reporting, and was to take place in the following calendar year.

**ANSWER**: Avanade denies the allegations of this Paragraph.

15. In terminating Plaintiffs employment, Defendant afforded more favorable treatment to other Business Development Executives who did not engage in statutorily protected activity, including Toby Velte, Dave Smith, Scott Alexander, and Mathilde Sanson, similarly situated coworkers of Plaintiff with far substandard sales performances.

**ANSWER**: Avanade denies the allegations of this Paragraph.

16. On information and belief, similarly situated employees who did not engage in statutorily protected activity were not subjected to the adverse actions directed against Plaintiff.

**ANSWER**: Avanade denies the allegations of this Paragraph.

17. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

**ANSWER**: Avanade denies the allegations of this Paragraph.

18. The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER**: Avanade denies the allegations of this Paragraph.

19.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**ANSWER:**    Avanade denies the allegations of this Paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARK STAUBLIN prays for judgment against Defendant and respectfully requests that this Court:

A.    declare the conduct of Defendant to violate the rights guaranteed to Plaintiff nder appropriate Federal Law;

B.    grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.    order Defendant to make whole MARK STAUBLIN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    order Defendant to pay lost, foregone, and future wages to MARK STAUBLIN;

E.    grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    grant Plaintiff his attorney fees, costs, disbursements; and

G.    grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**    Avanade denies that Plaintiff is entitled to any relief whatsoever in this action and accordingly requests that judgment be entered in its favor, with reasonable costs and attorney's fees assessed against Plaintiff.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT

20.    Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein,

**ANSWER:**    Avanade hereby incorporates its responses to Paragraphs one (1) through five (5).

21. In a meeting with Tracy Spielman, Human Resources Manager, and Business Development Director Johnson on October 15, 2007, Defendant terminated Plaintiff's employment for the purported reason of "failure to exhibit the necessary teamwork skills to be successful" at Defendant. During the meeting, Plaintiff attempted to elicit specific examples of his failure to demonstrate the necessary teamwork skills or other possible reasons for his termination, to no avail.

**ANSWER:** Avanade admits that it terminated Plaintiff's employment on October 15, 2007. Avanade denies that the allegations of this Paragraph accurately describe Avanade's complete reasons for terminating Plaintiff. Avanade denies the remaining allegations of this Paragraph.

22. Following his termination, Defendant has refused to compensate Plaintiff with the bonuses or commissions earned during the most recent fiscal year of his employment with Defendant, including substantial work Plaintiff performed on the Supervalu Inc. account totaling in excess of two (2) million dollars.

**ANSWER:** Avanade denies the allegations of this Paragraph.

23. The Illinois Wage and Payment Collection Act provides that an employer must pay an employee his final compensation, which is defined as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer,"..."at the time of separation,...but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/1, et seq.

**ANSWER:** The allegations of this Paragraph are legal conclusions to which no response is required.

24. Defendant did not comply with the aforementioned Act by failing to pay Plaintiff his final compensation for over six (6) weeks beyond his termination.

**ANSWER:** Avanade denies the allegations of this Paragraph.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARK STAUBLIN, prays for judgment against Defendant and respectfully requests that this Court:

A. grant Plaintiff actual, consequential, compensatory, any other damages that the Court may deem appropriate against Defendant;

B. grant Plaintiff his attorney's fees, costs, disbursements; and

C. grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** Avanade denies that Plaintiff is entitled to any relief whatsoever in this action and accordingly requests that judgment be entered in its favor, with reasonable costs and attorney's fees assessed against Plaintiff.

## JURY TRIAL DEMAND

25. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:** Avanade admits that Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

Avanade asserts the following affirmative defenses without assuming the burden:

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, for failure to comply with Title VII's jurisdictional prerequisites set forth in 42 U.S.C. § 2000e-5(e).

3. Plaintiff's claims are barred for failure to exhaust all available administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, to the extent his allegations are not substantially identical to the allegations set forth in the underlying charge of discrimination filed by Plaintiff with the Equal Employment Opportunity Commission and/or the Illinois Department of Human Rights.

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver and estoppel.

6. All actions taken by Avanade were taken in good faith and without malice or

reckless indifference, and thus there is no basis in law or fact for Plaintiff to seek or recover punitive damages against Avanade.

7. Plaintiff has failed to comply with the duty to mitigate his alleged damages.

8. Avanade reserves the right to add additional defenses or equitable or legal doctrines that are revealed through discovery.

>Respectfully submitted,
>
>AVANADE INC.
>
>By: /s/ Todd M. Church
>    One of its attorneys

Craig T. Boggs (ARDC 6198435)
Todd M. Church (ARDC 6281176)
PERKINS COIE LLP
131 South Dearborn St., Suite 1700
Chicago, IL 60603-5559
(312) 324-8400
(312) 324-9400 (facsimile)

Dated: February 7, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 7, 2008, he caused a true and correct copy of DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system and to be served upon the following counsel of record via electronic filing notification and U.S. Mail:

> Lisa Kane
> LISA KANE & ASSOCIATES
> 120 S. LaSalle Street, Suite 1420
> Chicago, IL  60603

> /s/ Todd M. Church
> Todd M. Church