IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK STAUBLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 347 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| AVANADE INC., | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

Defendant Avanade Inc. ("Avanade"), through its undersigned attorneys, hereby moves this Court for entry of an agreed protective order regarding confidential personnel and proprietary business information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

1. Pursuant to pre-trial discovery in this case, Avanade has been requested and intends to produce personnel information relating to Avanade's current and former employees, as well as confidential business information of Avanade. This information constitutes and contains confidential, private, and sensitive information not readily available to the public.

2. Specifically, Avanade has been requested to produce documents within the following categories:

   (a) Personnel records, including compensation history, performance reviews, disciplinary action and personal identification information (including Social Security numbers, phone numbers and addresses) of several of Avanade's employees and former employees;

   (b) confidential information regarding internal complaints of discrimination and Avanade's investigation thereof;

   (c) proprietary Avanade manuals, handbooks, policies and procedures;

    (d)    proprietary information regarding criteria for performance evaluation and compensation; and

    (e)    confidential client information regarding Plaintiff's work on the Supervalu, Inc., Cardinal Health Care and United Health Group accounts.

3.    A protective order is necessary for the documents and information in category (a) in order to protect the privacy of Avanade's employees and former employees. Without a protective order, sensitive and private information relating to individuals who are not even parties to this lawsuit, including compensation and performance evaluation information and personal identifying information, will be unfairly available to the public. The privacy interests of these individuals outweighs the public interest in the disclosure of this information. *See, e.g., O'Malley v. Village of Oak Brook*, 2008 WL 345607 (N.D. Ill. Feb. 6, 2008).

4.    A protective order is necessary for the documents and information in category (b), as this information relates to internal discrimination complaints, which were made in confidence, and Avanade's investigation of these complaints. In order for Avanade's anti-discrimination policies and procedures to be effective, those individuals who complain of discrimination, as well as those who have been accused, must feel confident that the complaints are treated with the utmost sensitivity and confidentiality. Therefore, the privacy interests of the individuals involved in these complaints, as well as the public policy interest in promoting internal reporting and investigation, outweighs the public interest in the disclosure of this information.

5.    A protective order is necessary for the documents and information in categories (c) and (d), as these documents reflect proprietary Avanade business operations and procedures. Without a protective order, Avanade's competitors may attempt to use this information in order to gain a competitive advantage. Avanade's interest in protecting this competitively-sensitive information outweighs the public interest in the disclosure of this information.

6.    Finally, a protective order is necessary for the documents and information in category (e) in order to protect the business and financial privacy of Avanade's clients. These documents reflect both information regarding Avanade's business operations and customer

relationships as well as information regarding these clients' operations. The interest of Avanade and its clients in protecting this competitively-sensitive information outweighs the public interest in the disclosure of this information.

7. The parties desire to limit the use and disclosure of these categories of confidential information during this litigation through the entry of the Agreed Protective Order attached hereto.

8. Counsel for Plaintiff Mark Staublin has agreed to and signed the attached Agreed Protective Order.

WHEREFORE, Defendant Avanade Inc. requests that this motion for entry of an agreed protective order be granted.

        Respectfully submitted,

        AVANADE INC.


        By:  /s Todd M. Church
             One of its attorneys


Craig T. Boggs
Todd M. Church
PERKINS COIE LLP
131 South Dearborn St., Suite 1700
Chicago, Illinois 60603
(312) 324-8400
(312) 324-9400 (facsimile)

DATED:  June 18, 2008