IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK STAUBLIN,<br><br>Plaintiff,<br><br>v.<br><br>AVANADE INC.,<br><br>Defendant. | Case No. 08 C 347<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Denlow |

## AGREED PROTECTIVE ORDER

Plaintiff Mark Staublin and Defendant Avanade Inc. ("Avanade"), by their respective counsel, and subject to approval of the Court, hereby request that the Court enter the following Agreed Protective Order regarding the protection of confidential information.

## PURPOSE

Avanade believes that discovery, prosecution and defense of this action may require the disclosure of personnel and other similar information relating to Avanade's current and former employees. Avanade further acknowledges that discovery, prosecution and defense of this action may involve disclosures of confidential business information of Avanade, its affiliates and its clients. Avanade desires to litigate this action without jeopardizing any interest in the privacy and confidentiality of such information, and so moves for entry of this Order.

## INFORMATION SUBJECT TO THIS ORDER

1. The protection of this Order may be invoked by any party with respect to:

    (a) Personnel records, including compensation history, performance reviews, disciplinary action and personal identification information

    (including Social Security numbers, phone numbers and addresses) of several of Avanade's employees and former employees;

  (b) confidential information regarding internal complaints of discrimination and Avanade's investigation thereof;

  (c) proprietary Avanade manuals, handbooks, policies and procedures;

  (d) proprietary information regarding criteria for performance evaluation and compensation; and

  (e) confidential client information regarding Plaintiff's work on the Supervalu, Inc., Cardinal Health Care and United Health Group accounts.

that is (i) conveyed by or contained in a document produced or (ii) stated in an answer to an interrogatory or request for admission or (iii) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (iv) disclosed pursuant to a voluntary agreement among counsel or (v) disclosed in furtherance of or during the course of mediation between the parties.

Any party that produces information which is reasonably believed by it to be of the types recognized above may, at the time of production, designate such information as "Confidential," and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked **"CONFIDENTIAL."**

## PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION

2. Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their officers and management employees, including in-house counsel, each outside counsel assisting in or

responsible for this proceeding and members of the legal, paralegal, secretarial or clerical staff of such counsel, counsel retained by witnesses, any mediator, and persons employed as expert consultants for each party on an as-needed basis only, provided that each such person to whom disclosure is made is first informed of this Order and that person's duty to comply with its terms and such person agrees to comply with this Order by signing the Non-Disclosure Agreement attached hereto as Exhibit A. This Order is not intended and shall not be construed to govern the admissibility or use of "Confidential" information at trial or in other evidentiary proceedings in open court. Any requests for special treatment of "Confidential" information or documents must be directed to this Court prior to the time of trial or evidentiary proceeding.

### LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

3. Any information designed as "Confidential" pursuant to Paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of these proceedings, and shall not be used by the recipient of the information for any function other than mediation and litigation.

4. In the event that any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty business days after the receipt of the transcript that the portions of the depositions relating to the "Confidential" information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 2 may be present at any examination concerning "Confidential" information.

5. The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. The documents or portions of documents containing confidential information shall be filed under seal with the Clerk of Court, pursuant to the Court's approval in accordance with Local Rule 26.2(b). The party designating the documents or portions of documents as "Confidential" shall bear the burden of showing that they should be filed under seal. Any party or non-party may challenge the filing of "Confidential" information under seal, and in the event of such a challenge, the party designating the documents or portions of documents as "Confidential" shall bear the burden of showing that they should be filed under seal. The producing party shall maintain the original documents intact for any further review.

## FINAL TERMINATION OF PROCEEDING

6. Upon final termination of this proceeding in the District Court, the parties may obtain the return of any previously-sealed or previously restricted document by motion filed within sixty (60) days after the case is closed. Any documents that are not so withdrawn will become part of the public case file. Finally, unless a court expressly orders otherwise, the parties and all other persons bound by this Order shall continue indefinitely during and beyond the conclusion of this proceeding to keep confidential the information and documents exchanged pursuant to this Order.

7. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information (including restrictions differing from those as specified herein), or as to any other types of documents or information not encompassed by this Order, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

8. The parties may agree only in writing to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document or information, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document or information in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document or information.

9. This Order has no effect upon, and shall not apply to the parties' own use of the information and documents that that party produced under the protections of this Order.

10. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

11. This Order shall not apply to information in the public domain or legitimately obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

12. The designation of documents or information as "Confidential" and/or the receipt of such documents or information shall not be construed as a waiver of any applicable privilege or other immunities from discovery (including without limitation the attorney-client privilege and the attorney work product doctrine), as a concession by the designating party that such information is relevant or material to any issue or is otherwise discoverable, or as an admission by the receiving party that any such "Confidential" information in fact constitutes confidential, proprietary or trade secret information under applicable law. The inadvertent disclosure by any party of any "Confidential" documents or information shall not be deemed a waiver in whole or

in part of that party's or any other party's rights or obligations under this Order or otherwise. Further, the inadvertant disclosure by any party of any document or information a party deems to be protected by either the attorney-client privilege or work-product doctrine shall not be deemed a waiver in whole or in part of that party's right to claim the document or information is privileged, and a party must return the original and all copies of the document or information upon receiving written notice of the inadvertant disclosure from counsel.

13. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

14. The United States District Court for the Northern District of Illinois retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

SO ORDERED:

_____
Robert M. Dow, Jr.
United States District Court Judge

The Parties to these actions agree to the entry of the above Agreed Protective Order.

Dated: _____    Dated: __6-17-08_____

Signed: _____    Signed: _/s/ _____
    Attorney for Plaintiff                         Attorney for Defendant
    Mark Staublin                                   Avanade Inc.

The Parties to these actions agree to the entry of the above Agreed Protective Order.

Dated: 6|17|08                              Dated: 6-17-08

Signed: _____                     Signed: _____
Attorney for Plaintiff                      Attorney for Defendant
Mark Staublin                               Avanade Inc.

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, having received and reviewed a copy of the Agreed Protective Order entered in <u>Mark Staublin v. Avanade Inc.</u>, Case No. 08 C 347, governing the confidentiality of documents and other confidential material, and I agree to be bound by its terms. I further agree that I will not disclose to third parties any material or information that is designated by any party as Confidential, except as provided in the Agreed Protective Order.

Dated: _____

Signature: _____